Rupfin, Chief Justice.
 

 The view which I take of this case differs almost entirely from that of the Judge of the Superior Court.
 

 Regarding the covenant as one of title, the plaintiff was, as I conceive, entitled to recover only nominal dama-gos; for such only he sustained. The slave herself could not, if alive, be recovered from him; nor could damages for the conversion- Every action by
 
 Alexander
 
 SUliman, the owner, was barred by the Statute of limitations before this suit was brought; and the case of
 
 Wilson
 
 v. Forbes,
 
 (ante
 
 2
 
 Vol. p.
 
 30.) is in point for the defendant
 

 If the covenant be for quiet possession, I think it has not been broken. In the Superior Court it was held that the demand of the owner was a breach because it rendered the present plaintiff chargeable in an action for the value. That
 
 cannot govern the case, because
 
 he was so chargeable without demand, upon his purchase, possession and claim of property ; or, at all events would have been by a sale, which would have been of itself a conversion. This would be to sink the distinction between a covenant for title and that for quiet enjoyment.
 

 That a warranty of chattels, constituted in this deed by the words “warrant and defend,” is a covenant for quiet enjoyment, is a settled rule in this State. It has been understood by the profession too long, to admit now of a question. Hence upon eviction the value at that time is the measure of damages. It is familiar doctrine in reference to land, that suit and even recovery, is no breach, unless the loss or disturbance of pos
 
 *48
 
 session follows. I had thought it equally so in relation to chattels. The reason is the same. The covenants respect the possession. The opinion of the Court is, that in holding a demand by the owner of the slave, to be a breach of the covenant for quiet possession, the Superior Court erred.
 

 It is further contended for the plaintiff, that besides the covenant for quiet enjoyment, created by the words
 
 “
 
 warrant and defend,” the words “ warrant to be good sound property” make a covenant of title, or for the property in the slave. It is however, the opinion of the court, that, those words relate to the state and quality of the slave, and not to the title. After them follows, “and healthy ;” which shows the meaning. There are not three covenants in the deed, but two. Both begin with “I do warrant;” and a part of the latter expressly includes the health of the slave. It is not to bo taken, that with the latter, would be mixed a stipulation respecting the title, which would have naturally connected itself with the proceeding. .But
 
 “sound”
 
 interposed between
 
 “good”
 
 and
 
 property,
 
 clearly affixes the proper meaning to the whole. We may say “good property” when speaking of title, but we never say “ sound property, and healthy,” in respect of any thing but the condition of the subject of the contract. “Property”
 
 is here used for “negro,” or other description of thing
 
 sold.
 

 Wo think this is the proper construction of the, deed, and that the plaintiff cannot recover. This conforms too, to the justice of the case; for
 
 Alexander Sil-Ihnan
 
 never brought suit, and the plaintiff enjoyed the slave as long as she lived, and now seeks to throw on. the defendant the loss, which arose not from the better title of another, but by her death. There must be a new trial.
 

 Ter Guriam — Judgment reversed.