## KERR *against* SHAW & SHAW.

A warranty in a writing not under seal, for the quiet enjoyment of land, must express the consideration on which it is founded.

A recovery in ejectment against the covenantee, is not a breach of the covenant for quiet enjoyment; but there must be an actual ouster by writ of possession.

THIS was an action of *assumpsit,* founded upon a written agreement, dated the 9th of *December,* 1811, by which the defendants bound themselves to the plaintiff, in the penalty of one thousand dollars, as follows: that he, the plaintiff, "should have, and hold a peaceable possession of a certain farm, distinguished and known by lot No. 10., in great lot No. 23., in *Hardenburgh* patent, &c.; which the said *Kerr* is to have pos-

session of one hundred acres on the west part of said farm, and
to possess the same peaceably, with paying the rent due there-
on; whereby we warrant and defend against all and every
person, except the lord of the soil. The conditions of the
above are as such, that the said *Kerr* is to call on the lord of
the soil, and take a lease in his own name, as soon as may be
convenient, within the term of sixty days, then the above to be
void, and of no effect."

The plaintiff proved, at the trial, that the consideration of
this agreement was 450 dollars, paid by the plaintiff, for which
*William Shaw*, one of the defendants, on the same day, assign-
ed to the plaintiff his right and title to the 100 acres of land
described in the agreement. This evidence being objected to
on the part of the defendants, was admitted by the judge, re-
serving the point. The plaintiff, then, produced a judgment
against *William Shaw*, in the supreme court, docketed in *March*,
1809, on which an execution was issued, and the land in ques-
tion sold by the sheriff of *Greene*, on the 10th of *November*,
1810, and conveyed to *E. Williams*, who brought an action of
ejectment against the plaintiff, and recovered judgment on the
6th of *November*, 1813; but the premises had never been yield-
ed up, and no writ of possession had ever been issued. The
plaintiff admitted that he had not called on the lord of the soil
for a lease, as required by the condition annexed to the agree-
ment.

The counsel for the defendants objected to the sufficiency of
this evidence to entitle the plaintiff to recover. But a verdict
was taken for the plaintiff, subject to the opinion of the court.
The case was submitted to the court without argument.

*Per Curiam.* The agreement upon which this action is
founded is very inartificially drawn, but it amounts, substantially,
to a promise or warranty of quiet enjoyment, by the plaintiff,
of the lot of land therein described, against all persons except
the lord of the soil. But, according to the case of *Sears* v.
*Brink*, (3 *Johns. Rep.* 210.,) the contract is void under the sta-
tute of frauds. The agreement is not under seal, nor is there any
consideration expressed in the writing to support the promise;
and in the case referred to, it is decided that the consideration,
as well as the promise, must be in writing; and that parol evi-
dence is not admissible to prove the consideration. But if this

NEWYORK,
May, 1816.

objection was removed, there is not enough shown to entitle the plaintiff to recover in this action. If the agreement is to be considered equivalent to a covenant for quiet enjoyment, no sufficient breach has been shown. This covenant is broken only by an eviction or *actual ouster.* It relates to the possession only, not to the title. There must, therefore, be a disturbance of the possession in order to amount to a breach of such a covenant. The case of *Waldron* v. *M'Carty,* (3 *Johns. Rep.* 471.,) is very strong on this point. In that case the land, when sold and conveyed, was incumbered with a mortgage, which was, afterwards, foreclosed in chancery, and sold, and purchased in by the grantee in the deed; and this was held to be no breach of the covenant for quiet enjoyment. The same principle is adopted, and confirmed by the case of *Korts* v. *Carpenter,* (5 *Johns. Rep.* 120.,) where the court say it is a technical rule, that nothing amounts to a breach of this covenant but an actual eviction or disturbance of the possession of the covenantee. In the case before us there is, to be sure, a judgment against the plaintiff, and nothing wanting but a writ of possession to constitute a breach of the promise. But this being a technical rule, applicable to this covenant, the covenantor ought not to stop short of an actual ouster, if he means to rely upon his covenant; he has no right to make any compromise until an actual breach has been shown. The defendants are, accordingly, entitled to judgment.

