Ruffin, Judge.
 

 The want of an eviction of the Plaintiff is decisive of the case against him, and makes it useless to consider the other points debated. 1 strongly incline, indeed, to the opinion, that there is a general warranty in the deed. For the history of the deeds and devises does not relate to the title, but to the identity of-the land, as it appears to me from the words, “
 
 the same, being a tract
 
 purchased,” &c. They are words'' of more perfect description.
 

 But the Plaintiff cannot recover without showing au eviction. Our warranty is construed to be a covenant for quiet possession, and not of seisin. Nothing but a disturbance
 
 of the possession
 
 is a bread! of it. It is not a covenant, that another has no right, but that if he hath, he will not use it to disturb the bargainee’s possession..
 
 *390
 
 qpije eviction may be with, or without legal process j but there must be an eviction in one wav or the other, and upon paramount title. The mere judgment in eject-menj 0(1¡y establishes the title, which existed before. For any thing we know, the warrantor may, after such recovery, satisfy the true owner, and so the vendee may never be disturbed in his possession. This point was directly ruled in
 
 Kerr
 
 v.
 
 Shaw,
 
 (13
 
 Johns.
 
 236.) and the difference between a covenant for quiet possession, and one for title or against encumbrances, is strongly exemplified by that and another case in the same book.
 
 (Hall
 
 v.
 
 Dean, id.
 
 105.)
 

 The case of
 
 Williams
 
 v.
 
 Shaw,
 
 (N.
 
 C. T. R.
 
 197,) has been cited for the Plaintiff. But- that differs from this. There was a recovery of real damages in an action of trespass
 
 quare clausum fregil;
 
 which is evidence of a disturbance in itself; since that action implies, that the Plaiiitiff is in possession, and the recovery implies, that the Defendant’s entry was a trespass on the possession, and that he cannot re-enter without committing another trespass. No man is compelled to be a trespasser, and therefore when it has been judicially ascertained that another is
 
 in
 
 by better title, it follows that
 
 he
 
 is
 
 kept
 
 out; •which is equal to being turned out. The whole terms on the nature of this covenant, technically considered.
 

 Per Curiam. — Let the judgment of the Court below be reversed, and judgment of nonsuit entered.