Gaston, Judge.
 

 The only question on this appeal, is, whether in an action brought by a vendee, against his vendor, for a breach of the covenant for quiet enjoyment, a recovery in ejectment by a third person against the vendee, effected after notice to the vendor of the pendency
 
 *102
 
 of the ejectment, is conclusive evidence of the title of the lessor of the plaintiff.
 

 We have no hesitation in answering this question in the negative. In our opinion, the record of the judgment is not only not conclusive evidence, but is not any evidence of title, against the vendor. It would be repugnant to principle, to bind any one by a judgment in a suit, where, if an opposite judgment had been rendered, he could derive no benefit from it, to which suit he was not a party, nor had it in his power to become a party, and where he could not challenge the inquest nor examine witnesses, nor exercise any of the means provided by law for ascertaining the truth, and asserting his right. In real actions a war-rantor might be made a party by voucher; in ejectment, a landlord may come in to defend the possession of his tenant; but there is no provision in law, by which a vendor can be brought in to vindicate the possession of his vendee. To a judgment against the vendee, the vendor is a stranger, and, therefore, that judgment is against him, evidence only of the fact of the judgment, and of the damages and costs recovered,
 
 Saunders
 
 v.
 
 Hamilton,
 
 2 Hay. Rep. 282;
 
 Shober
 
 v.
 
 Robinson,
 
 2 Murph. Rep. 33;
 
 Williams
 
 v.
 
 Shaw,
 
 N. C. Term Rep. 197, all recognise this doctrine; and whatever opinions may have once been entertained, we had thought that for many years back, it had been perfectly settled.
 

 We take this occasion to refer, although the decision heretofore made when this case was before us,
 
 (ante,
 
 1 vol. 29,) is not now questioned, to an ancient authority which then escaped our notice, Godbolt, 161, where it is said that if one sell his goods fraudulently, and they be after-wards sold
 
 bona fide
 
 to a second vendee, they are not liable to be taken in the hands of the second vendee, for the debts of the fraudulent vendor. The judgment of the Superior Court is affirmed.
 

 Per Curiam. Judgment affirmed.