Pearson, C. J.
 

 Ve eoncnr in the conclusion of his Hon- or, that upon the facts agreed, the plaintiff was not entitled to recover.
 

 To maintain the action, it was necessary for the plaintiff to show that the deed of the defendant contained a covenant of quiet enjoyment, and that he was evicted by reason of a title paramount.
 

 Let it be assumed that the deed contains a general warran
 
 tj
 
 or covenant of quiet enjoyment.
 

 Let it be also assumed that the failure of the plaintiff to recover in the action of ejectment brought against Perry, amounted to an eviction; for this, see
 
 Alexander
 
 v. Torrence, 6 Jones, 260;
 
 Grist
 
 v. Hodges, 3 Dev. 200.
 

 The case is thus narrowed to this: was the eviction, by reason of a title paramount ? in other words, was there a de
 
 *88
 
 feet in the title of the defendant, in consequence of which, the plaintiff was unable to regain possession of the land ? It is settled, that where a vendee is sued in ejectment, and a recovery is effected, in his action against the vendor on the covenant of quiet enjoyment, the judgment in ejectment is no evidence of a defect in the title of the vendor, and it is necessary for the plaintiff to establish that fact by distinct proof;
 
 Martin
 
 v. Cowles, 2 Dev. and Bat. 102. Such being the law, where a recovery in ejectment has been effected against the vendee, and he has been put out of possession, as a matter of course, it is likewise so where the vendee fails to maintain an action of ejectment, and relies on such failure, to establish his allegation of an eviction. Indeed, in
 
 Grist
 
 v.
 
 Hodges
 
 sup., it is assumed as a matter beyond question, where the vendee had failed in maintaining an action of ejectment, “ the event ■of that suit, proves nothing in the action on the covenant.”
 

 Our case, therefore, turns upon the construction of the will of John Perry: did the devise to his daughter, Elizabeth, vest in her a mere trust estate, or did the
 
 legal title
 
 pass to her by force of the statute of rises, 27 Hen. 8 ? We think it is clear, that the limitation of the use came within the operation of the statute. By force of the devise, Matthew Strickland was
 
 seized
 
 in fee simple, to the use of the said Elizabeth for life, and then in remainder to the use of all of her children (except John P. Cook,) in fee. Where one person is seized to the use of another, the statnte carries the legal estate to the person having the use. But three classes of casses are made exceptions to its operation, i. e.: Where a use is limited on a use. 2. Where the trustee is not seized, but only
 
 possessed
 
 of a chattel interest; and 3rd. Where the purposes of the trust-make it necessary for the legal estate, and the use to remain separate; as in the case of land conveyed in trust for the
 
 sepa/rate use
 
 and
 
 mcdntenazice
 
 of a
 
 married woman.
 
 This is familiar learning; see Black. Com.
 

 By the will, under consideration, the testator gives to Strickland and his heirs “ the following property, in trust, for the use and benefit of my daughter, Elizabeth, the tract of land where
 
 *89
 
 on she now lives, and a negro woman and her children, and, after the death of my daughter, Elizabeth, the above property to be equally divided between all her children, except John ,P. Cook.” This is the limitation of an ordinary use. There is no trust for the “separate use” and maintenance of a married woman. Indeed, it does not appear by the will, that the testator’s daughter, Elizabeth, was at that time under coverture, and we should have been at a loss to conceive of a reason why it had been supposed that the case did not fall within the operation of the statute, except for the suggestions made on the argument.
 

 It was suggested that the statute did not operate, because a negro woman and her children were embraced in the same clause, in respect to which property, the trustee was not seized, but only possessed, and as the statute did not apply to the slaves, it was argued that it could not apply to the land.
 
 We
 
 are unable to perceive the force of this reasoning. It is certain that the trustee was
 
 seized
 
 of the land for the use of the daughter: So, the case is within the words of the statute, and it does not fall under either of the excepted cases, and no authority was cited to sustain the idea of a
 
 fourth
 
 exception, that is, when chattel property is conveyed to the trustee by the same deed or will! In fact, it is certain that the books do not recognize this
 
 ufou/rth
 
 exception.”
 

 It was also suggested that the statute could not execute the life-estate in the daughter, because it could not execute the remainder in the children, inasmuch as the intention was to give the use in the remainder
 
 to all of theohildrren
 
 — those that might afterwards he born, as well as those then
 
 in esse.
 
 If it were admitted that the use in the remainder was not executed, it would by no means follow, that the use in the life-estate was not executed. But, in truth, the use in the remainder was executed. It is the familiar instance of a springing, or shifting use, which is fed by a
 
 scintilla jv/ris
 
 left in the trustee, according to the doctrine in
 
 GhudleigNs
 
 case, Coke Reports. The effect of the statute was to vest the legal estate in Mrs. Cook, for life, and to vest the legal estate in remainder in her
 
 *90
 
 children, then living, except John, leaving a
 
 scintilla juris'
 
 in the trustee in the event of her having any child or children born afterwards.
 

 This disposes of the case ; for as Mrs. Cook had the legal estate, for life, which passed to the plaintiff, it follows there is no defect in the title, by reason of which he could not recover the possession. So, the covenant for
 
 quiet enjoyment
 
 has not been broken, and the eviction was not by reason of a title paramount, but was simply
 
 tortious.
 

 It is true, there is a defect of title in respect to the remainder j but that does not amount to a breach of the covenant of quiet enjoyment, which is the only covenant which the plaintiff had the precaution to take for his-protection. It is his misfortune that he did hot have the deed drawn by a lawyer, who would also have inserted a “ covenant of seizin,”' i. e., that the defendant had a title in fee simple, and could convey in fee. Such a covenant is broken whenever there is a defect in the title, and its office is to provide for a case like ours, where the defect is in respect to the remainder or reversion.
 

 It was stated at the bar, and in fact, it is manifest from the case agreed, that the position that Mrs. Cook had the legal estate, for life, was not taken in the Court below. Howevei’,. that may be, the point is presented by :i the facts agreed,” and is decisive-of the case ; it is, consequently, unnecessary to notice the several phases which are stated, bearing on the question as to- the amount of damages.
 

 The position, that supposing the title to be good for the life of Mrs. Cook, still the plaintiff was entitled to recover the costs-of the action of ejectment, is untenable-; for certainly, the fact, that the vendor did not furnish, the deed from Cbok and wife at the trial, and that the deed had not been registered,. was.no breach of the covenant of quiet, enjoyment, which* must depend on a defect in the title and right of possession.
 

 Per Curiam,
 

 Judgment affirmed.
 
 *
 

 *
 

 Note. — After the opinion was filed, our attention was called to the fact,, that in the Rev. Stat. chag. 43, see. 4, and. the Rev.. Code ch., 43, sec.. 6,. the-
 
 *91
 
 general words used in 27 Hen. 8 chap. 10, i. e, “ When one person or per-, sons stand, or be seized, or at any time hereafter shall happen to be seized of land, &c., to the use of any other person, persons or body politic, by reason of any bargain, sale, feofment, &c., or
 
 otherwise, by any manner or means whatosever it be,
 
 the persons, &c., having the use, shall have the legal, estate, &c.” are omitted, and the provision is simply “ By deed of bargain and sale, lease and release and covenant to stand seized, the possession shall, be-transferred to the bargainee, releasee, covenantee, &c.” This may. hav.e a very important effect on. the title to land in many cases, but our case is not affected by it, because the will of John Perry was executed, in, 1828, and was proved in 1829.
 

 After the statute of wills, 32 Hen. 8, a question, was.made, whether 27 Hen. 8, applied where one was seized to the use of another by force of a devise. The question, however, has long been at rest.. Mr. Blackstone, in his learned commentaries, classifies the exceptions to the operation of the statute under three heads, and does not allude to the fact, tihat the question referred to, had ever been started, but passes, it over as one of “ the refinements and niceties suggested by the ingenuity of the times,” 2 Black. 336. See also
 
 Broughton
 
 v.
 
 Langley,
 
 Salk 679, where Lord Holt treats the question as settled. The curious reader will find the subject treated of in Powell on Devises, 211-13-14.
 

 It is conceded, on all hands, that the statute of Uses, 27 Hen. 8, chap. 10,. was in force and in use, in this State, up to the passage of the Revised Statutes (1836). Indeed, all of the conveyances of land; adopted and used in this-. State, are based on, and take effect by, the operation of that statute.