B. R. PEVEY ET AL. *v.* M. O. JONES ET AL.

1. VENDOR AND VENDEE. *Land of United States. Breach of warranty. Limitation.*

Where one sells and conveys land owned by the United States and war-
rants the title, the covenant is broken when made, and a right of action
thereon accrues at once, which will be barred by the lapse of the statu-
tory period after that time.

2. SAME. *Eviction not necessary. Right of action.*

In such case, as the land of the United States cannot be the subject of sale
by an individual, and as the grantee cannot take possession without
violating its laws, he is not required to do so, and a right of action im-
mediately accrues to recover for a breach of the warranty, and this is
not dependent on eviction or any future event.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

On December 20, 1881, appellees sold and conveyed to ap-
pellants, by warranty deed, certain land in Lawrence county,
Miss. In 1890 the purchasers learned that a part of the land
belonged to the United States. There was testimony to show
that they were never in actual possession of such part, but
had paid taxes thereon several years. On March 22, 1893,
this suit was brought by them to recover of appellees, on the
covenant of warranty, the purchase-money paid for said land,
with interest. There was a judgment by default in the jus-
tice court, and defendants appealed to the circuit court, where
the case was tried without a jury. The defendants pleaded
the general issue and the statute of limitations of six years.
Judgment for defendants; motion for new trial overruled,
and defendants appeal.

*P. Z. Jones,* for appellants.

1. It is true that the mere existence of an outstanding par-
amount title is not sufficient to constitute an eviction. But,
as the statute of limitations does not run against the United

States, and any one exercising ownership over the land owned by the government is a trespasser, in a case like this the vendee is not required to stand his ground. In all cases where the court has held an actual eviction necessary to constitute a breach of warranty, it was possible that the vendee, by continuing in possession, might acquire a perfect title by limitation. In this case, appellants, learning that the title was in the government, voluntarily surrendered all claim, and an eviction by judicial process was not necessary. A surrender of possession to one holding the paramount title is sufficient. *Dyer* v. *Britton*, 53 Miss., 270.

2. In an action for a breach of covenant to warrant and defend, the statute of limitations is not a defense, because such covenant runs with the land. On this point, see *Watkins* v. *Gregory*, 69 Miss., 469; *Wilder* v. *Davenport*, 58 Vt., 642; 4 Am. & Eng. Enc. L., title Covenants.

*Willing & Ramsey*, for appellees.

1. Judgment was properly rendered for defendants. The mere existence of a paramount hostile title does not constitute a breach of the covenant of warranty. *Kirkpatrick* v. *Miller*, 50 Miss., 521; *Dyer* v. *Britton*, 53 *Ib.*, 270; *Green* v. *Irving*, 54 *Ib.*, 450; *Scott* v. *Kirkendall*, 30 Am. R., 562, s.c. 88 Ill., 465; 3 Washb. on Real Prop., 398. The covenantee must be disturbed in the possession, actually or constructively. He must be evicted, or there must be something equivalent thereto. In the case of *Glenn* v. *Thistle*, 23 Miss., 42, it was held that a sale of lands belonging to the United States was such a hostile assertion of the paramount title as was tantamount to eviction, but there was no sale in this case.

2. If plaintiffs had a right of action on the covenant, it accrued in 1881, when the deed was made, and it was barred by the statute of limitations before suit brought.

CAMPBELL, C. J., delivered the opinion of the court.

As to the land belonging to the United States, the cove-

nant of warranty was broken the instant it was made, and a right of action on it then accrued, and was barred when this action was commenced. The true doctrine is that the United States are always seized of their lands, and cannot be disseized as private owners may be; that land belonging to the United States cannot lawfully be the subject of sale and conveyance by individuals, so as to confer any right; that a grantee of such land by another than the United States cannot take possession without becoming a wrong-doer, and liable to summary ejection; and, therefore, that a covenant of warranty, in a conveyance of land belonging to the United States, must be viewed differently from one where the ownership is by a private person; that the grantee is not required to take possession, or attempt to get it, and that a right of action immediately accrues to recover for a breach of the warranty, not dependent on any future event, but fixed by the fact of ownership of the land by the government. In this case, the grantee acquired nothing whatever as to the land owned by the United States; and, by virtue of the transaction, his vendor, on receipt of the purchase-money, thereby at once became liable to him for money received to his use. We are not aware of any direct authority for this view, but it seems to result necessarily from what is well settled, and we do not hesitate to make a pecedent so fully supported by reason.

The question involved here is not the same as that presented in *Green* v. *Irving*, 54 Miss., 450, in which the writer participated, and, as to the controverted question in which, he still entertains the view expressed in his dissenting opinion in that case.

*Affirmed.*