D. W. BRITTON, Admr. v. MARY E. RUFFIN, Admx.

(Decided October 18, 1898).

*Warranty of Title in Deed—Ouster—Defeat of Title.*

1. Two things necessary to support an action upon a covenant of warranty of title, viz: failure of title and ouster of possession, actual or constructive.

2. A covenant of seizen is broken upon the execution of the deed, where there is a defect of title.

CIVIL ACTION to recover damages for breach of warranty of title contained in a deed from J. B. Ruffin and wife to John C. Britton and Josiah Mizzle, tried before *Brown, J.*, at May Term, 1898, of the Superior Court of BERTIE county.

Other issues had been submitted and passed upon by the jury at previous term, not necessary to be stated, as the case turned upon the finding of the jury at the present term upon the single issue submitted:

"Did Britton and Mizzle obtain title to the timber by possession under the deed from J. B Ruffin and wife to them, dated August, 1874, before the surrender to Wynns in 1890?"

Answer: No.

The plaintiff's intestate had bought of defendant's intestate the timber trees standing and growing upon the land and took a deed therefor with a covenant of warranty of title.

It was admitted that the defendant, owing to the defective description in the deed under which he claimed, had no title to the land upon which the timber trees stood. But the jury find that before the plaintiff quit work in 1890, upon the demand of the owner, the plain-

tiff had cut all the timber that he was entitled to under the terms of the deed.

Upon the finding of the jury, the defendant moved for judgment that she go without day.

The plaintiff moved for judgment for a penny and the costs, which was allowed by the Court.

Defendant excepted and appealed.

*Mr. Francis D. Winston,* for appellant.
*Messrs. Battle & Mordecai,* for appellee.

FURCHES, J.: This appeal makes the fifth time this case has been here. From the reports of these various decisions, a full history of this case and the grounds of complaint and defence are fully known to the profession, and we do not propose to undertake a re-statement of them here. It is sufficient to state that the plaintiff bought timber trees, standing and growing on the land, and took a deed therefor with a covenant of warranty of title. This was in August, 1874, when the plaintiff entered upon the land and commenced cutting, using and appropriating the said timber. This he continued to do at such times as suited his convenience, until 1890, when he alleges that he surrendered his claim upon the demand of another, who claimed under a superior or paramount title. And it is admitted that the defendant, owing to the defective description in the deed under which he claims to hold, had no title to the land upon which said timber trees stood. But the jury find that before the plaintiff quit work in 1890, upon the demand of the owner, the plaintiff had cut every stick of timber (and more too) that he was entitled to under the terms of his deed; that he left no timber on the land that he was entitled to, if defendant had been the owner of the land at the making of his deed.

To entitle the plaintiff to recover in this action, two things must be established.   There must be a failure of title, and there must be an ouster of possession, actual or constructive.   It is admitted that the defendant did not own the land upon which these trees stood, and consequently did not own the trees.   But it is as necessary that there should be an ouster to constitute a cause of action as it is that there should be a defect of title. *Mizzell* v. *Ruffin* (this case) 118 N. C., 69; *Herrin* v. *McIntyre*, 8 N. C , 410; *Coble* v. *Welborn*, 13 N. C., 388; *Cowen* v. *Silliman*, 15 N. C., 46.

It is not claimed that there was an eviction and actual ouster in this case.   The most that is claimed is, that in 1890 the plaintiff, upon the complaint of the owner of the land, desisted from further work in this swamp, and this was considered by the Court to be sufficient to constitute an ouster and to entitle the plaintiff to maintain his action.   But this was upon the claim of the plaintiff that he was thus compelled to quit work in this swamp, before he got the timber he bought.

But when it turned out, upon the finding of the jury, that the plaintiff had cut and carried off every stick of timber he bought, and more too, before 1890, the time he says that he desisted from working in the swamp, he had nothing to surrender; and there is nothing to support his claim of ouster.   There could be no ouster when there was nothing from which to be ousted.   The land was never conveyed to him and he never had possession of it.   He only had the right to go upon the land to cut and carry away the timber.   And when this was done, his right to go upon the land ceased.

Suppose A sells land to B for the life of C.   B enters upon the land and holds possession of the same until after the death of C and then the remainderman takes

possession.   After this B finds out that A had no title
to the land; could B maintain an action against A for
a breach of warranty?   Would not the entry of the
remainderman be only the assertion of his right to enter
as the remainderman after B's term had expired, and
not in derogation of any right B had acquired by the
terms of his purchase?   If so, why would not the same
rule apply here?   What rights had the plaintiff in 1890
when the owner of the land took possession, and after
the plaintiff had cut and carried off every stick of tim-
ber he would have been entitled to if the defendant had
been the owner of the swamp?   There being no ouster,
the plaintiff's action must fail.

It would have been different if the deed from defend-
ant to plaintiff had contained a covenant of *seizin*, be-
cause this would have been broken upon the execution
of the deed.   This would· have at least entitled the
plaintiff to nominal damages, which would have carried
with it the cost under Section 525 of *The Code*.   *Wilson*
v. *Forbis*, 13 N. C., 30.

When this case was here at February Term, 1897,
(120 N. C., 87) it seems to have been admitted that there
had been a breach of warranty, and this, as we have
seen must include a defective title and ouster.   But
when it was here at February Term, 1898, (122 N. C.,
113) and also in this appeal, ouster is denied; and we
have to try the case upon the record in this appeal.   Of
course, when a breach of warranty is shown or admitted
(that is defective title and ouster) the plaintiff is entitled
to at least nominal damages.

It was complained of, and excepted to by the defend-
ant, that his Honor re-assembled the jury next morning
after the verdict had been rendered to the Clerk the
night before, by agreement, when he instructed them to

change their finding. This practice is allowed in the furtherance of justice, when it is perfectly apparent that it can do no harm, and·is usually ·left.to the sound discretion of the trial Judge. But it is not a practice to be encouraged, as the Court has the undoubted right to set aside the verdict where, in his opinion, it would be a miscarriage of legal justice to let it stand.

But as our judgment is put upon another ground, reaching the legal merits of the case, we do not pass upon the action of the Court in recalling the jury.

There were other exceptions which we have not considered and do not pass upon, as we are of the opinion that the defendant's motion for judgment should have been allowed; that as the verdict stands, the defendant was entitled to a judgment that she go hence without further day, and for costs. _Code_, Section 526.

And judgment will be so entered upon this opinion's being certified to the Court below.

Error—reversed.