GRIFFIN v. THOMAS.

(Filed May 23, 1901.)

1. LIMITATION OF ACTIONS—*Remainders—Life Tenant—Estates —Wills.*

Where a life tenant wrongfully conveys land in fee, limitations do not run against the remaindermen until the death of the life tenant.

2. WARRANTY—*Breach of Warranty—Action—Eviction of Grantee.*

A cause of action for breach of warranty of title to real estate does not arise until after the eviction of grantee.

3. SET-OFF AND COUNTER-CLAIM—*The Code, Sec. 244, Subsecs. 1 and 2.*

A counter-claim must exist at the commencement of the action and must be connected with the subject of the action or arise out of the transaction complained of.

4. REMAINDERS—*Life Tenant—Warranty.*

Remaindermen are not chargeable with the breach of warranty in a fee-simple deed wrongfully made by the life tenant.

5. DEED—*Life Tenant.*

The deed set forth in the opinion conveys only a life estate.

ACTION by Willie G. Griffin, Susan E. Moser, E. L. Hudson, Amanda Hudson (his wife), Rebecca Alexander, David Alexander and Thomas Alexander (the last two infants under twenty-one years of age), by J. M. McKnight, their guardian, plaintiffs, against John T. Thomas, Phil. H. Thomas, Mary B. Thomas, Belle B. Thomas, Walter B. Thomas, W. Irving Thomas, James H. Thomas, Lillie Thomas, Hamilton Thomas, Geo. V. Thomas, James A. Boyd, Peter Wimbush, Sim. Tarry, Mary Tarry (his wife), Henry Goode and Susan

Goode (his wife), the said Hamilton Thomas represented herein by John T. Thomas as his guardian *ad litem,* defendants, heard by Judge *H. R. Starbuck,* upon complaint and demurrer to counter-claim. From judgment for plaintiffs, the defendants appealed.

*T. T. Hicks, A. C. Zollicoffer,* and *Hicks & Minor,* for the plaintiffs.

*W. B. Shaw, Royster & Hobgood,* and *Shepherd & Shepherd,* for the defendants.

CLARK, J. The plaintiffs are the children and grandchildren of Thos. R. Eaton. They brought this action to recover 715 acres of land devised to them by the will of Susan Eaton, probated and recorded August, 1842, by the following clauses:

"Item 1. I give and bequeath to my son Thos. R. Eaton, the following negroes * * *. I also give to him the tract of land whereon I now live, and which formerly belonged to my mother Mary Somerville, deceased, to have and to hold the said land and negroes unto him during his life, and after his death I give said land and negroes to his children. Should any child of his die leaving children, then they are to stand in his or her place at the death of my son, Thomas Eaton."

"Item 3. My son is to pay any balance of the purchase-money which may be due for the land given him at my death."

The land was in possession of Mrs. Sumerville for several years before her death in 1838, at which time possession passed to her daughter Susan. In September, 1838, a proceeding was begun in equity in the Superior Court of Granville County to sell it for partition, in which proceeding it was sold in 1839, Susan Eaton being the purchaser at the price of $4,690; the sale was confirmed and the Clerk and

Master directed to collect the bond of Susan Eaton and make title, and she had paid nearly all the purchase-money at her death in 1842, at which time her devisee, Thomas R. Eaton, took possession; he interpleaded in the equity suit in 1844, alleging the terms of his mother's will, his compliance with the terms thereof, and asking that a deed be executed to him with the limitations and conditions prescribed in said will; at said September Term the Court ordered, and the order was duly recorded at that term, "that the Clerk and Master make a deed to the said Thomas R. Eaton as devisee aforesaid, and with the limitations and conditions as in said will set forth"; the Clerk did execute to said Thomas R. Eaton a deed for the land, dated November, 1844, reciting the said proceeding referring to the will aforesaid, and in the deed the Clerk and Master twice recites the fact that it was to be made in accordance with the limitations and conditions in said will; the conveyance was, with these recitals, made to Thomas R. Eaton (which, as the law then stood, was a conveyance for life) but the *habendum* is to him and his heirs; this deed was duly recorded February Term, 1846; said Thomas R. Eaton, on 26th October, 1844, after the order recorded at September Term, 1844, for execution of a deed to him for life, and before the actual execution of said deed, conveyed said land in fee with warranty to his brother-in-law, George L. Bullock, for the recited consideration of $3,000, and removed from the State; in August 26, 1853, Bullock, who had been in possession since his deed, conveyed, without warranty, to John T. Thomas, who held continuous possession till 1886, when he conveyed about half of it to Peter Wimbish and W. H. Boyd, in whom or their grantees possession thereof has been held to the present. The other half remained in possession of John T. Thomas until his death in 1888, when possession passed to his children, who still hold the same and are defendants herein. The other

defendants are those above recited as holding through Wimbish and Boyd.

Thomas R. Eaton removed to Alabama in 1844, where he has ever since resided till his death in December, 1899. This action, as above stated, is brought by his children and those grandchildren who represent deceased children. Summons issued herein 4th May, 1900.

The defendants in their answer set up a counter-claim that "said Thomas R. Eaton left at his death an estate in lands and personal property worth at least $5,000, which descended to the plaintiffs as his heirs-at-law, and the defendants plead said covenant and warranty (to George L. Bullock), and claim damages thereon to the extent of $3,000 against the estate and plaintiffs, heirs of T. R. Eaton, deceased, and plead the same as an offset and counter-claim to any rights the plaintiffs may have to recover said land." The plaintiffs demurred upon nine different grounds.

Without intimating any opinion as to the other grounds, it is sufficient to support the Judge, in sustaining the demurrer, to cite the sixth ground: "A cause of action for breach of warranty of title to real estate does not arise until after eviction of the grantee (*Brittain v. Ruffin*, 120 N. C., page 89), which, as appears from the answer, has not yet occurred." This counter-claim, if it were in other respects valid and unobjectionable, did not exist at the commencement of the action, and does not even yet exist, for defendants are still in possession. Code, section 244 (2); *Phipps v. Wilson*, 125 N. C., 106; *Kramer v. Light Co.*, 95 N. C., 277. It is not connected with the subject of the action, nor does it arise out of the transaction set forth in the complaint as the foundation of plaintiffs' claim. Code, section 244 (1); *Bank v. Wilson*, 124 N. C., 562. The subject of this action is the realty in question, and the foundation of plaintiffs' claim is the will of Susan Eaton and the decree of Court and

deed made in conformity therewith, which vested the remainder in them subject to a life estate of Thomas R. Eaton. The cause of action set up as a counter-claim is the subsequent wrongful act of the life tenant in warranting a fee simple to Bullock, and the damages sustained by the defendants by the breach of that covenant—an entirely separate and distinct transaction.

By the confirmation of the sale to Susan Eaton, the decree to make title to her on the payment of the purchase-money, the devise by her of her land to her son for life, with remainder to his children, with requirement that he should pay the balance due on the purchase, his payment thereof, with the filing of a plea setting up the terms and conditions of the will and asking that title be made to him containing those conditions and limitations, the decree of the Court directing title to be made to him with the conditions and limitations set out in the will, the plaintiffs assert that their claim is made out. The defendants rest their defence upon the deed to Thomas R. Eaton; so we are narrowed down to the single inquiry as to the effect of that deed. If it conveyed a life estate only, no Statute of Limitations (though it is pleaded) bars the plaintiffs, for their cause of action did not accrue till the death of the life tenant in December, 1889, because his conveyance carried his life estate, and the possession of defendants was rightful till his death. *McLane v. Moore,* 51 N. C., 520, is a case where the grantees of a life tenant held 56 years, but the remainderman recovered.

This deed, introduced in evidence by the defendants, is as follows:

"This indenture, made the 6th November, in the year one thousand eight hundred and forty-four, between Thomas B. Littlejohn, Clerk and Master of the Court of Equity for the county of Granville, of the one part, and Thomas R. Eaton, of the other part: Whereas, at September Term, 1838, of said

Court the petition of James Somerville, William A. Somerville, Willis L. Somerville, Thomas T. Somerville and Robert P. Somerville, infants, who sue by their guardian, William A. Somerville, George T. Taylor and his wife Mary G. Taylor, and Nathaniel Green and his wife Catharine T. Green, against Susan Eaton, John Y. Taylor and his wife Mary B. Taylor, Markham and his wife Susan, Booker and his wife Ann, and William B. Somerville, was exhibited, setting forth that the said petitioners, being the heirs-at-law of John Somerville, deceased, late of Granville County, tenants in common of the premises mentioned and described in said petition, and that their interest would be promoted by a sale thereof, and praying the Court to order such sale; and the said . . . . . ., upon hearing the allegations of the said petitioners, and the proof adduced in support thereof, did, at March Term, 1839, order and direct that the said premises should be sold by the Clerk and Master at public (vendue) to the highest bidder on a credit of twelve months; and, whereas, in pursuance of said order, the said Clerk and Master, on the 7th day of May, 1839, did expose to sale the premises hereinafter mentioned, being the premises in the said petition, mentioned and described, at public vendue on a credit of twelve months; and at the said sale Susan Eaton bid four thousand six hundred and ninety dollars, and was the highest and the last bidder, and the premises were struck off to her; and, whereas, the said Thomas R. Eaton, at the September Term, 1844, of the said Court, exhibited his petition in the said cause, setting forth that Susan Eaton, the purchaser aforesaid, had departed this life, and by her last will and testament had devised the premises aforesaid to the said Thomas R. Eaton, with certain limitations and conditions in her said will mentioned, and that the said Thomas R. Eaton has paid the balance of the purchase-money due for the sale of the said land, and it was therefore ordered that

the Clerk and Master should execute a deed of conveyance to the said Thomas R. Eaton as devised aforesaid, and according to the limitations and conditions in said will contained.

"Now, therefore, this indenture witnesseth: That for and in consideration of the premises and of the sum of $4,690, to him secured, to be paid before the sealing and delivering of these presents, which securities he acknowledges to have received, the said Thomas B. Littlejohn, Clerk and Master, of Granville Court of Equity, hath bargained, sold and conveyed, and by these presents does bargain, sell and convey unto the said Thomas R. Eaton all that piece or parcel of land lying and being in Granville County, on the waters of Nutbush Creek, adjoining the lands of Robert Eaton, Nancy Bullock, William A. Somerville, James H. Taylor and the said Susan Eaton, containing, by estimation, 670 acres, and all the right, title, claim, interest and demand of the above-named petitioners in and to the same: To have and to hold the said premises to the said Thomas R. Eaton, his heirs and assigns, forever.

"In witness whereof, the said Thomas B. Littlejohn, Clerk and Master as aforesaid, hath hereunto set his hand and seal, the day and year first above written.

"THOS. B. LITTLEJOHN, C. M. E.    (Seal.)

"Sealed and delivered in the presence of

"C. H. WILEY."

This deed was proved in open Court, February Term, 1846, and duly registered. The references in the deed to the will and the equity proceedings incorporated them into and made them a part of the deed, and therefrom, it would be seen by any one examining the title, that the Clerk and Master was empowered and directed to convey a life estate to Thomas R. Eaton, and any words conveying a larger estate

would have been in excess of his power to convey, as therein recited, and invalid. In fact, the words of conveyance are "bargain, sell and convey unto said Thomas R. Eaton." These words, as the law then stood, conveyed only a life estate (being prior to the act of 1879, now Code, section 1280). The use of the word "heirs" in the *habendum* was doubtless mere inadvertence, and in the face of the recitals of the limitations upon the powers of the officer in the deed can not be construed to have conveyed an estate to Thomas R. Eaton in fee, in contradiction of the powers conferred to convey the same to him for life and remainder to his children as provided in the will. It was the will which carried the property to Thomas R. Eaton, for Susan Eaton had the equitable title. The decree and deed thereunder were merely executing to him and his children in remainder the conveyance which the Clerk and Master had theretofore been directed to execute to Susan Eaton upon payment of balance of purchase-money. Thomas R. Eaton having paid said balance of the purchase-money, got by the deed the title as provided in the will, for life, and the remainder passed to the children by the will.

It was suggested that there was no conveyance of the remainder in the deed. But upon perfecting the payment of the purchase-money, the decree directed a conveyance, upon the terms and limitations in the will of Susan Eaton. The plaintiffs can recover upon this equitable title. *Cotton Mills v. Cotton Mills,* 116 N. C., at page 650; *Arrington v. Arrington,* 114 N. C., 116; *Geer v. Geer,* 109 N. C., 679; *Taylor v. Eatman,* 92 N. C., 602; *Condry v. Cheshire,* 88 N. C., 375; *Farmer v. Daniel,* 82 N. C., 153; and the pleadings herein are sufficient for that purpose, *Geer v. Geer, supra.*

The contention that the rule in Shelley's case applies requires no discussion.

Affirmed.