Henderson, Judge.
 

 -The deed as regards its registration within six months from its date, is
 
 not affected
 
 by the act of 1820, because it was executed before the first day of June,
 
 1821;
 
 but it is affected by that act so far as deeds of trust are by it excepted from the general registry act, and placed, in respect to the rights of creditors and purchasers, upon the footing of mortgages, as to the time of their registration. It is therefore, together with all other deeds of trust and mortgages, not within the operation of the acts giving further time for the registration of deeds. Every principle which can apply to except a deed executed after the first of June, 1821, from the operation of those acts, applies with equal force, to deeds of trust, executed before that time, and not registered. The policy which induced
 
 the
 
 Legislature to except deeds executed before the first of June, 1821, from the operation of the act of 1820, as to the time within which they should be registered, does not apply to give them the benefit of the acts allowing further time for the registration of deeds. The act of 1820 places deeds of trust and mortgages, as regards the time in which they should be registered, as
 
 to
 
 creditors and purchasers, into a distinct class
 
 ;
 
 and although for peculiar reasons, deeds executed before the 1st of June, 1821, were excepted out of the operation of the act, yet the' exception docs not affect their classifi
 
 *45
 
 cation, and they shall not by construction, be embraced by the general words of the acts giving further time, because the mischief as to them, is in all respects similar to that of those executed after the 1st of June, 1821.
 

 1 am inclined also to think that the fair construction of the act of 1820, is that all deeds of trust executed before the 1st of June, 1821, shall be registered within six months after that time. The time was given for the purpose of diffusing a knowledge of the law'. It could not be given for any other reason, and none can be assigned why a deed executed on the 81st of May, should have twelve months thereafter allowed for its registration, and a deed executed on the next day, tiie 1st of June, in all respects similar, except in its date, should only have six months. I would not take tin's liberty with the words of the act, could any possible motive be assigned for post-, poning its operation, but that its enactments might be known before they became a law. I express this opinion with great diffidence. But as there is another point in the case, which I think is decisive for the Plaintiff, any error into which I may have fallen in the two preceding points, cannot be prejudicial to him, and may be re-considered in other cases. The point alluded to is as follows: it appears that at July session of Caswell Court, next after the date of the deed, it was duly proved and ordered to be registered. The vendee then had done all that by lawjjg^was required to do. It then became the duty of the Clerk to deliver the deed within ten days to the Register, and it was his duty to register it. As to the vendee I must consider the ceremony as compleat, for he had done all that the law required of him. And if not done, he who has been merely a passive stranger, and who has received an injury by the non performance, must have recourse to that officer who has been to blame in the omission, not to him who has been active and followed the path pointed out by law, and has done all that was required. Such has been the language of our Courts
 
 *46
 
 0n several occasions, where the party had done what the law required, and the officer who was then to act, had omitted to perform his duty. I do not think that it is even a balancing point, when the question is which of two persons is to suffer, a stranger who lias been passive, and one who has been active and done what was required of him. If in this case, the Defendant has sustained any injury from the want of actual registration, let him seek redress from the defaulting officer. It will be perceived that I have disregarded the parol evidence, that the fees due on the probate of the deed had not been paid, and that the Clerk offered to return it to the person who handed it in, and apprized him that it would not be registered unless the fees were paid.
 
 The record is
 
 at variance with this ; it states that the deed was duly proved and ordered to be registered. No parol evidence should be heard to contradict it. It would place all that we hold dear in jeopardy, when the records of our Courts can be thus contradicted. If a Clerk, upon a deed’s being handed in and proved, makes an entry on his docket to that effect, and even indorses the entry on the deed, under a belief that the fees would be immediately paid, and should find himself mistaken, upon his mentioning this to the Court, the entry would be impugned by their order. By this means, the Clerk would be protected from impositions. Having failed to do this, but having permitted the entry to remain on the record, and even indorsed on the deed, no matter what words passed, they must, in opposition to the record, be considered as mere idle talk. In fact, the evidence should not have been received, and when heard entirely disregarded.
 

 Per Curiam. — Let the judgment be affirmed.