EAMES v. ARMSTRONG.

, (Filed November 7, 1906).

*Covenant of Seizin—Burden of Proof—Pleadings—Admissions—Confession and Avoidance—Measure of Damages for Breach of Covenant.*

1. In an action for damages for breach of a covenant of seizin, where the defendant denies the breach and there are no admissions to the contrary, the burden of proof to show the breach is upon the plaintiff under our code system of pleading.

2. Where the complaint, in an action upon a covenant of seizin, alleged a breach in regard to two tracts of land, and the answer admitted the execution of the deed, containing the covenant as to both tracts, and denied the breach, but the further defense, which set up new matter, expressly admitted the fact which established the breach as to one of the tracts, this admission removed from the plaintiff the necessity of proving a breach as to that tract.

3. When the answer clearly admits facts which, as a matter of law, show plaintiff's right to recover, it is immaterial how or in what manner the admission is made. If it be by way of confession and avoidance, the issue arises upon the new matter alleged in avoidance, the burden being upon defendant to show the truth of the new matter.

4. A covenant of seizin is broken, if at all, immediately upon the delivery of the deed, and the cause of action accrues at once, and the covenantee may maintain a suit upon the covenant although at the time of bringing it he had parted with his title to the land.

5. The contention that the covenant of seizin in a deed conveying two tracts by metes and bounds does not include one of the tracts, but that it is confined to the "entire property known as the Russell Gold Mine," a descriptive phrase used in the *habendum*, is without merit, where neither tract is so designated in the descriptive language of the deed and the *habendum* refers to the "aforesaid tracts" and the covenant is a continuation of the *habendum*.

6. The measure of damage for breach of a covenant of seizin is the purchase-money and interest.

7. In an action for a breach of a covenant of seizin, it is not necessary to aver either eviction or threatened litigation.

8. *Quære:* In an action for damages for breach of a covenant of seizin, what is the rule for measuring the damages when the covenantee or his grantee is, at the time of bringing the action, in possession and no action has been taken or claim asserted against them?

ACTION by Richard Eames, Jr., against C. A. Armstrong and others, heard by *Judge M. H. Justice* and a jury, at the June (Special) Term, 1906, of the Superior Court of ROWAN.

Plaintiff alleges that on 7 May, 1903, defendants executed a deed conveying to him two tracts or parcels of land; one containing 356 acres, the description of which is set forth by metes and bounds; the other, known as the "Coggins Meeting-House" lot, described by proper calls, containing three acres. A copy of the deed is attached to and made a part of the complaint. That the deed contained a covenant in the following words, to-wit: "To have and to hold the aforesaid tracts of land and all privileges and appurtenances thereto belonging,

to the said party of the second part, his heirs and assigns, to his only use and behoof forever, together with any and all rights, interests, titles, which the said parties of the first part may have, in law and in equity, in and to any and all lands belonging to or forming and constituting the entire property known as the Russell Gold Mine, to his heirs and assigns in fee; and the said parties of the first part covenant that they are seized of said premises in fee, and have right to convey the same in fee-simple; that the same are free and clear from all encumbrances." That at the time of making the said deed defendants were not the true and lawful owners of said lands, and were not seized of the same in fee-simple, nor did they have a right to convey the same. That by reason thereof there was a breach of said covenant, and thereby plaintiff has sustained damage to the amount of two thousand three hundred dollars, being the purchase-price paid therefor, and for this sum he demanded judgment, etc.

Defendants answered: "That the allegations contained in paragraph one are admitted, except as hereinafter explained in defendants' second and third separate defenses." They admitted that the copy of the deed attached to the complaint is correct. They deny the breach of the covenants. For a second defense defendants say that immediately upon the execution of the deed plaintiff took possession of the premises conveyed, and 13 May, 1904, conveyed same to one George T. Whitney for a profit of $2,700. That neither plaintiff nor his grantee have been evicted from the premises or in any way damaged; that said grantee is now in the peaceable possession of the lands conveyed, nor has any one threatened to sue them on account of any alleged breach of said covenant.

For a third defense defendants allege: "1. That the deed set out in paragraph one of the plaintiff's complaint and attached thereto does not constitute the entire contract between plaintiff and defendants, part of said contract being in writing as evidenced by said deed, and part by parol,

namely: That in order to induce defendants to execute said
deed that plaintiff made a contemporaneous agreement with
defendants in parol that if defendants would execute said
deed and insert in the same the covenants of seizin, right to
convey and freedom from encumbrances, that defendants
should in no way be injured thereby, as it was necessary to
insert these covenants in order to effect the advantageous
sale which plaintiff then had in view and which he was
anxious to make, stating that he had a purchaser who was
willing to pay five thousand dollars in cash for said lands,
but would not do so unless the deed was executed in this
form, and that if defendant would so execute the deed in
such form that he would become a copartner with defendants,
the plaintiff receiving twenty-seven hundred dollars of the
purchase-money and defendants twenty-three hundred dollars
of said five thousand dollars, to be paid for the land, and
that defendant could and should in no event be injured or
damaged by the insertion of said covenants in said deed, the
only reason for their insertion being to induce the pur-
chaser to take the property at the price named, the plaintiff
and defendants sharing therein as above set forth.  That by
reason of said importunities and assurances of plaintiff and
at his urgent request in order to effect the sale, and upon plain-
tiff's assurances that the defendants should not be damaged
or injured thereby, defendants were induced to include in
said deed the second tract of land described therein as the
'Coggins Meeting-House' lot, containing three acres, more
or less, to which defendants had no title, and so informed
plaintiff, who insisted upon its being included, saying he,
plaintiff, already had title to this tract, and that defendants
could not and should not be damaged by including the same
in the deed, and that he could not effectuate the sale to his
proposed purchaser unless the same was included in the deed,
the plaintiff at the same time agreeing with defendants that
in case he realized more than five thousand dollars as the

purchase-price of said lands, that then plaintiff and defendants should share in said excess in the proportion above set forth.

"That plaintiff induced defendants to execute two deeds for said lands, one to the plaintiff, Richard Eames, and the other to George I. Whitney or E. B. C. Hambley, the expected purchaser, and caused the same to be deposited in the Davis and Wiley Bank in Salisbury, N. C., in escrow, one or the other to be delivered at the option of the .purchaser, and that upon payment of the purchase-money the deed to plaintiff was delivered, plaintiff executing a deed to said George I. Whitney and the sum of twenty-three hundred dollars paid to defendants by the purchaser, George I. Whitney, and twenty-seven hundred dollars, as defendants are informed and believe, to plaintiff."

When the cause came on for trial before the jury, plaintiff introduced the deed, showed the payment of the purchase-money, and rested. Defendants offered no evidence, demurring to plaintiff's evidence and demanding judgment of nonsuit. His Honor being of opinion that plaintiff was not entitled to recover, rendered judgment of nonsuit. Plaintiff excepted and appealed.

*J. S. Henderson* for the plaintiff.
*T. F. Kluttz, Adams, Jerome & Armfield* and *L. H. Clement* for the defendants.

CONNOR, J., after stating the case: The record in this case presents several interesting questions of practice. The learned counsel for plaintiff insisted and cited authorities which sustain his position that, upon showing his deed with covenant of seizin, he was entitled to judgment. That the burden of showing that there had been no breach of the covenant was cast upon the defendants. That by reason of the familiar rule of practice, when one has peculiar opportunity

of knowing, and is in possession of the evidence showing how the fact in issue is, he will be called upon to do so, although it result in requiring him to prove a negative. That such was the rule, in actions upon covenants of seizin, in courts proceeding under the common-law practice, is shown by uniform authority. 4 Kent. Com., 479; 2 Devlin on Deeds, sec. 892; Rawle on Cov., sec. 65. Mr. Rawle, after stating the rule, says: "If, under statutory systems of pleading, the defendant is not required to set forth his title in his answer, but may rest upon a mere general denial of the plaintiff's right to recover, the burden of proof is upon the plaintiff; and unless, at the trial, he establishes by evidence a *prima facie* case, the judgment will be for the defendant."

In *Ingalls v. Eaton,* 25 Mich., 32, it was held that when the defendant made a general denial of a breach of his covenant of seizin, the burden of proof to show the breach was upon the plaintiff. With the exception hereafter noted, this is the only case cited by the text-books which holds contrary to the common-law rule. The Court rests its conclusion upon the statute which entitled the defendant to rely upon the general issue. Plaintiff relies, among other authorities, upon the case of *Abbott v. Allen,* 14 Johns (N. Y.), 248. The law was held in that case in accordance with plaintiff's contention. In *Wooley v. Newcombe,* 87 N. Y., 605, it was held that, since the adoption of the Code of Civil Procedure, the rule of practice in respect to the burden of proof in an action upon a covenant of seizin had been changed. The facts in that case were very much as in the one before us. Plaintiff sued for breach of covenant of seizin and, after introducing his deed showing the covenant and the amount of the purchase-money, rested his case. The defendant introduced no evidence and moved for a dismissal of the complaint. The Court dismissed the complaint, and on appeal the judgment was affirmed.

*Rapallo, J.,* referring to *Abbott v. Allen, supra,* says: "The case last cited involved only the question of pleading, but the matter of proof was also referred to, and *Platt, J.,* in delivering the opinion of the Court, says that the marked distinction between a covenant of seizin and those for quiet enjoyment and general warranty, consists in this: that the covenant of seizin, if broken at all, must be so at the very instant it is made; whereas, in the latter covenants the breach depends upon the subsequent disturbance and eviction, which must be affirmatively alleged and proved by the party complaining of the breach. A grantor who gives either of these covenants is not bound to deliver to his grantee the title deeds and evidences of his title. Here the defendants covenanted that they had a good title. The legal presumption, therefore, is that they retain, or can produce, the evidence of that title, if any. The grantee relied on that covenant, and, until the grantors disclose their title, he holds the negative, and is not bound to aver or prove any fact in regard to an outstanding title. The rule of pleading sanctioned by this case, and which carried with it the rule as to the proofs, is very ancient, and was that the plaintiff might assign the breach by simply negativing the words of the covenant. The defendant might plead that he was seized, etc., and in this particular kind of action issue might be joined by a replication simply reiterating the denial of seizin, without setting up that any other person was seized, or specifying any defect in the title. The plaintiff could, if he chose, assume the burden of attacking the title, but was not bound to do so."

The Court proceeded to give an interesting history of the method of pleading and proof in actions upon covenants of seizin based upon the right of the defendant, making such covenant, to retain his title-deeds to enable him to make good his covenant. There being then no statute requiring the registration of deeds, so that the state of the title should be made public, the covenantor was allowed to retain such

deeds for the very purpose of answering to the covenants. In *Buckhurst's case,* 1 Co. Rep., 1, it was held that if the grantor sold with warranty, he had a right to retain all deeds and evidences necessary to maintain his title. It was upon these reasons, and the peculiar rules of practice prevailing at common law in such actions, that the burden of proof, in actions upon a covenant of seizin, was cast upon the defendant. It was held, however, that under the Code of Civil Procedure, the defendant not being required to set up in his answer performance of the covenant, could rely upon a general denial and put in issue the allegation of the breach of the covenant, casting upon the plaintiff the burden of proving it. The case of *Abbott v. Allen, supra,* was practically overruled, or, at least, it was held that the doctrine therein announced was changed by The Code practice.

Plaintiff cites *Britton v. Ruffin,* 123 N. C., 70, to sustain his contention. We do not find that the Court there discussed the question as to burden of proof. It was simply held that the covenant was broken if the covenantors had no title at the time the deed was executed. We are of the opinion that, for the reasons so clearly stated by the Court in *Wooley v. Newcombe, supra,* the burden of proof, in the absence of any admission showing a breach, is upon the plaintiff. This rule is in harmony with our Code system of pleading, which permits the defendant to deny any material averment in the complaint, avoiding the technical niceties often obstructing and sometimes defeating justice. Under our registration acts, it is always within the power of the grantee to make or require an abstract of the title of his grantor, and to show if there be any outstanding paramount title; hence, the reason of the ancient rule, wise enough when unrecorded title-deeds and muniments of title were concealed in trunks, tin-boxes and "family chests": *"Cessante ratione legis, cessat ipsa lex."*

The plaintiff contends that, however this may be, the defendants have, in their answer, admitted that in regard to the "Coggins Meeting-House" lot they had no title at the time of executing the deed, thereby admitting the breach of the covenant.

Defendants say that the admission, in that respect, must be taken in connection with and as explained by the matter set up in the third defense, and that, when thus considered, they show a perfect defense to the action.

It is clear that the defendants in responding to the allegations of the complaint expressly deny the breach of the covenant. It is elementary that the issues are made by the pleadings and arise out of allegations made by the plaintiff and denied by the defendant. In order to settle the issues, the Court must examine the pleadings to ascertain what allegations of fact are controverted. It is an idle thing to submit an issue in respect to an admitted fact. When the answer clearly admits facts which, as a matter of law, show plaintiff's right to recover, it is immaterial how or in what manner the admission is made. If it be by way of confession and avoidance, the issue arises upon the new matter alleged in avoidance, the burden being upon defendant to show the truth of the new matter. *Williamson v. Bryan,* 142 N. C., 81.

In *Reed v. Reed,* 93 N. C., 462, the defendant denied the execution of the bond sued upon, and "for further defense" said that "the alleged bond" sued on, etc. The Court held that in the "further defense" the execution of the bond was not admitted. In our case the answer admits the execution of the deed, containing the covenant, and denies the breach. This was entirely proper, because the complaint alleged that two tracts of land were conveyed. It alleged a breach generally, that is, in regard to both tracts. The defendants properly denied the allegation as made, and could, if so advised, have rested their defense upon such denial. As we have seen, the plaintiff would have been compelled to show the breach,

not necessarily to the extent charged, but to either of the tracts. The defendants, however, in their further defense, expressly admit the fact which establishes the breach as to the "Coggins Meeting-House" lot—thus removing from the plaintiff the necessity of proving it. The only issue, therefore, in respect to that lot was upon the new matter set up in avoidance of the plaintiff's right of action. If plaintiff had so desired, he could have tendered an issue as to the breach of the covenant in regard to the other tract. It appears that, if such issue was submitted, he offered no testimony, hence the action was tried, so far as the record shows, only as to the small lot. In this condition of the case, the defendants offering no evidence in support of the defense, we are of the opinion that the plaintiff was entitled to judgment. Whether the new matter alleged, if established, would have been available as a defense to the action, or only in diminution of damages, we express no opinion.

The defendants insist that plaintiff cannot maintain the action, because it is alleged he sold the land before bringing the action. It is sufficient to say that, although alleged, it is not admitted or proven. It is well settled, however, "both upon reason and authority," that a covenant of seizin is broken, if at all, immediately upon the delivery of the deed, and the cause of action accrues at once. *Markland v. Crump,* 18 N. C., 94; *Wilder v. Ireland,* 53 N. C., 85 (90); *Britton v. Ruffin,* 123 N. C., 67. It is for this reason that the covenant of seizin, unlike a covenant for quiet enjoyment, wherein the cause of action does not accrue until eviction under paramount title, does not run with the land. The grantee of the covenantee, therefore, cannot sue upon the covenant. The doctrine and the reason upon which it is founded is thus stated in Jones on Conv., sec. 851: "A covenantee may maintain a suit upon the covenant of seizin, although, at the time of bringing it, he had parted with his title to the land. The covenant, if broken at all, was broken at the time of the con-

veyance. The covenantee is the only person who can main-
tain an action for a breach of the covenant, which is a non-
assignable chose in action."

The defendants further insist that the covenant of seizin
does not include the "Coggins Meeting-House" lot; that it is
confined to the "entire property known as the Russell Gold
Mine." It will be noted that neither tract is so designated in
the descriptive language of the deed. The *habendum* refers
to "the aforesaid tracts," and the covenant, rather inartifi-
cially drawn, is a continuation of the *habendum.* We cannot
concur with defendants' construction of the deed in this
respect.

Plaintiff insists that when he showed a breach of the cov-
enant, and the amount of the purchase-money, he was entitled
to judgment therefor. It is true that the measure of damage
for breach of a covenant of seizin is the purchase-money and
interest. This is well settled. The plaintiff does not allege
that by reason of the breach he has been disturbed in his
possession or called upon to pay out any money to perfect his
title. It is clear that it is not necessary to aver either evic-
tion or threatened litigation. The right of action is complete
immediately upon the delivery of the deed. The same rule
in regard to the measure of damages applies when there
is a breach of a covenant of quiet enjoyment. Because the
right of action accrues only upon an eviction under para-
mount title, but little difficulty is found in administering
the remedy. *Williams v. Beeman,* 13 N. C., 483, cited by
plaintiff, was an action upon a covenant of quiet enjoyment.
It was there held that when there was an eviction from the
whole estate, the purchase-money and interest was the meas-
ure of the recovery. It was also said by *Henderson, C. J.,*
that no rule had been prescribed by the Court as to the meas-
ure of damages when there was a partial eviction of the
estate, or when the eviction was upon a life-estate or smaller
interest than the fee. The only decisions of this Court in

which any suggestion is made in regard to any other measure of damages for breach of a covenant of seizin are *Bank v. Glenn,* 68 N. C., 35, and *Price v. Deal,* 90 N. C., 290, in both of which it is held that when the covenantee has purchased the outstanding title for less than the purchase price, he will recover only the amount paid therefor. When the covenantee has lost the land or any part thereof, either in quantity or estate, there is no difficulty in applying the rule for measuring his damage. When he, or his grantee, is, at the time of bringing the action, in possession, and no action has been taken or claim asserted against them, the courts have met with difficulty in adjusting the rights of the parties. An interesting discussion of the question will be found in Rawle on Cov., 176, *et seq.,* and note; 2 Sutherland on Damages, sec. 597, *et seq.*

This case being before us on the exception to the judgment of nonsuit, we are not called upon, nor would it be proper for us, to enter into a discussion of the question of damages. We have considered and decided only those questions discussed by counsel bearing upon the exception. For the reasons given, we are of opinion that in directing a nonsuit there was error. There must be a

New Trial.