E. WALLACE v. ROBERT BARLOW.

(Filed 20 May, 1914.)

1. State's Lands—Entry—Vague Description—Trusts and Trustees.

In order to declare that a second enterer upon State's lands, and who takes a grant to the lands covered by the first entry, holds the lands in trust of the latter upon completing his entry, it is necessary that the prior entry sufficiently describe the land to give notice of its location and extent; and in this action the description filed with first entry is held to be too vague and indefinite, towit: E. W. enters 100 acres of land in said county, in B. Township, on the waters of White Creek, adjoining the lands of A. and others, beginning on a stake on A.'s line on Berry Mountain, and running various courses for complements.

2. Appeal and Error — Objections and Exceptions — Unanswered Questions.

Exceptions to unanswered questions, without indication of their relevancy or materiality, will not be considered on appeal.

APPEAL by plaintiff from *Cline, J.,* at October Term, 1913, of WILKES.

This is an action to remove a cloud from title and to declare a trust in certain land.

The plaintiff claims title from the State under Grant No. 16401, for 50 acres. Grant issued on 14 January, 1905, based upon an entry filed in the office of the entry-taker of Wilkes County, on 1 January, 1902, by plaintiff; survey made thereunder on 12 December, 1904, and application for grant filed in the office of the Secretary of State, and purchase money therefor, paid on 31 December, 1904; warrant of survey issued 18 April, 1903. The entry of the plaintiff is as follows:

"E. Wallace enters 100 acres of land in said county, in Boomer Township, on the waters of White's Creek, adjoining the lands of Robert Barlow and others, beginning on a stake in Robert Barlow's line on Berry's Mountain, and running various courses for complements. 'E. Wallace.'"

The defendant claims title from the State under Grant No. 15814, issued on 28 March, 1903, based upon an entry filed in the office of the entry-taker for Wilkes County on 26 March, 1902, and warrant issued 7 April, 1902.

It was admitted at the trial of the cause that the land in controversy was covered by both grants.

Plaintiff relies upon "priority of entry, and notice, both actual and constructive," to defendant of plaintiff's prior entry.

The defendant contends that the entry of the plaintiff is too vague and indefinite to affect him with notice.

His Honor held that the entry of the plaintiff was not sufficient to give notice, and the plaintiff excepted.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Hugh A. Cranor and Frank D. Hackett for plaintiff.*
*W. W. Barber for defendant.*

ALLEN, J. It is not necessary to decide whether any evidence of notice, outside of a survey, is admissible to aid a vague and indefinite entry, as his Honor heard the evidence tending to prove notice, and the jury has found under proper instructions there was no notice.

The entry of the plaintiff is in all material respects like the one considered in *Call v. Robinett,* 147 N. C., 616, which was held too vague to affect a senior grantee with notice, and that case is decisive of this.

In the present case the entry is "E. Wallace enters 100 acres of land in said county in Boomer Township, on the waters of White's Creek, adjoining the lands of Robert Barlow and others, beginning on a stake in Robert Barlow's line on Berry's Mountain and running various courses for complements," and in the *Call-Robinett case,* "640 acres of land in said county, lying on the waters of Stony Fork, in Elk Township, adjoining the lands of S. G. Anderson and others, beginning on a stake in S. G. Anderson's line and running various courses for complements"; and of the latter entry the Court said:

"The defendant says, conceding that the legal title passed to plaintiff by entry, survey, and grant, he is entitled to have him declared a trustee for his benefit. It is well settled that when an entry is made, and subsequent thereto another person lays an entry and takes a grant, he acquires the title, and the grantee

will be declared a trustee for the first enterer; the reason of this being that the first entry entitled the enterer to a prior right or equity to call for legal title upon complying with the statute, and the second enterer took subject to this claim or equity, the entry being notice thereof. The defendant is confronted with two difficulties in this aspect of the case: First, his entry is subsequent to that under which plaintiff claims. Second, his entry is too vague and indefinite to give any notice. It is always held that to entitle the first to have the grantee declared a trustee, his entry must be sufficiently definite to put the second enterer upon notice. In *Johnson v. Shelton,* 39 N. C., 85, *Ruffin, C. J.,* says that if the first entry is too vague to put the second enterer upon notice, equity will not aid him. This is a different question from that which we first discussed. There the survey makes the vague entry certain, and the State accepts it and issues the grant. Here the question of notice of the first entry controls the rights of the parties. If the first enterer makes his entry certain by survey before the second entry, it is sufficient. So, in *Munroe v. McCormick,* 41 N. C., 85, *Pearson, J.,* says: 'When one makes an entry so vague as not to identify the land, such entry does not amount to notice and does not give any priority of right as against another individual who makes an entry, has it surveyed, and takes out a grant.' Tested by the decided cases cited in *Grayson v. English* and *Fisher v. Owens, supra,* we think defendant's entry too vague to afford notice. It is a 'floating entry,' without any definite beginning. 'A stake in S. G. Anderson's line' is about as vague as it is possible to make it. It calls for no single point from which a survey could be made, and gives no other *indicia* for that purpose."

The exception to the exclusion of the two questions asked the witness Ferguson are without merit. There is nothing in the record to indicate what answers would have been made by the witness, and the questions relate to an entry not involved in this controversy, and which, as the witness says, the plaintiff "let run out."

The other exceptions are untenable in view of our holding as to the sufficiency of the plaintiff's entry.

No error.