## W. D. MEYER v. J. F. THOMPSON et al.

### (Filed 24 May, 1922.)

**1. Deeds and Conveyances—Title—Breach of Covenants—Title Perfected —Nominal Damages.**

Where the covenant of seizin in a deed to lands is broken at the time the conveyance was made, and the defect is incurable, and goes to the entire estate, the amount recoverable by the covenantee in his action is the value of the land as fixed by the consideration agreed upon by the parties, to wit, the purchase money, but subject to an equitable adjustment in our courts administering principles of both law and equity, when it is properly made to appear that the covenantee has acquired title for a lesser sum, when it will be so restricted; and where the covenantor has perfected the title in himself, which, under the covenants in his former conveyance, will inure to the benefit of his grantee, the damages recoverable for the breach of the covenant of title shall be only nominal.

**2. Same—Contingent Interests—Statutes—Sales—Judgments—Confirmation of Sale.**

Where the grantors in a deed have erroneously assumed that they had title to the lands they conveyed in fee, but which was affected by future contingent interest not at present ascertainable, and thereafter bring action to make title under the provisions of C. S., 1744, which authorizes the sale of land affected by such contingencies, and in these proceedings have protected the interests of the remote remainderman by the appointment for them of a guardian *ad litem,* and have fully set forth the facts and circumstances of the former sale, and bring in the proceeds and submit them to the jurisdiction and orders of the court, the final judgment

properly authorizing and confirming the sale, and being had in conformity with the provisions of the statute, perfects the title and same will inure to the benefit of the covenantee in the former deed, and for a breach of this covenant only nominal damages are recoverable. *Poole v. Thompson, post,* 588, cited and applied.

APPEAL by plaintiff from *Webb, J.,* at December Term, 1921, of GUILFORD.

Civil action, tried on case agreed, to recover damages for breach of covenant of seizin, contained in a deed made by defendants to plaintiff, said deed having the full covenants usually contained in a fee-simple conveyance of realty. On the facts presented, the court being of opinion that there had been a breach of the covenant, and the damages suffered were only nominal, entered judgment for a penny and costs, and plaintiff excepted and appealed.

*King, Sapp & King for plaintiff.*
*Thomas C. Hoyle, C. R. Wharton, and F. P. Hobgood, Jr., for defendants.*

HOKE, J. From the facts agreed upon it appears that B. J. Fisher, owner, died on 15 April, 1903, leaving a last will and testament in which he devised the land in controversy to his wife for life or until her remarriage, with contingent remainder to their surviving children. That on 4 June, 1919, Mrs. Fisher and her surviving children conveyed the said land to defendants, and later, on 1 August, defendants conveyed to plaintiff by deed, with the ordinary and usual covenants in deeds conveying real estate, the purchase price being $21,080, of which $8,380 was paid in cash and the remainder secured by note and mortgage on the property, this last given to Mrs. Fisher and her children. That it appearing on proper investigation that the estate and interest of the children in said property was affected with a contingency that prevented the present ascertainment of the ultimate owners, Mrs. Fisher and her children, with the defendants, purchasers, instituted an action in Superior Court pursuant to C. S., 1744, which authorizes a sale of land affected by such a contingency, and in which the advantages and necessity of the sale was established, the entire proceeds thereof held by the estate brought in and submitted to the jurisdiction and orders of the court, and the interests of the more remote and unascertained contingent remaindermen were represented by guardian duly appointed, and at March Term, 1920, of the Superior Court of Guilford County final judgment was entered in said action authorizing and confirming said sale to defendants and directing that the proceeds be properly secured, etc.

In a case at the present term of *Poole v. Thompson, post,* 588, the Court has decided that the action under C. S., 1744, had the force and

effect of validating the title obtained from Mrs. Fisher and her children, and that being true, we are of opinion that his Honor has correctly ruled that plaintiff could recover only nominal damages.

It is the rule in this jurisdiction, and very generally elsewhere, that on a defect in the title the covenant of seizin is broken at the time of the conveyance made, and where such defect goes to the entire estate and is incurable the amount of damages is the value of the land as fixed by the agreement of the parties, to wit, the consideration money, but it is also held with us that this question of damages is subject to an equitable adjustment and in a court like ours, administering principles of both law and equity, when it is properly made to appear that the covenantee has acquired the title for a lesser sum, the damages shall be so restricted. And in case the covenantor has perfected the title in himself, which, under the general covenants in his former conveyance, will inure to the benefit of his grantee, as in this instance, the damages shall be only nominal. *Eames v. Armstrong,* 146 N. C., 1; *S. c.,* 142 N. C., 506; *Bank v. Glenn,* 68 N. C., 36; *King v. Gilson,* 32 Ill., 348; *Baxter v.* *Bradberry,* 20 Me., 260.

In *Bank v. Glenn, supra,* the Court held: "Our courts, as at present constituted, administer legal rights and equities between the parties in one and the same action; hence, in an action for a breach of covenant it is competent for a defendant to show any equity affecting the measure of damages.

"In an action for the breach of a covenant of seizin, the general rule that the vendee recovers as damages the price paid for the land, with interest from the time of payment, is subject to many modifications, as where his (the vendee's) loss, in perfecting the title, has been less than the purchase money and interest, he can only recover for the actual injury sustained.

"And if, after the sale to the vendee, the vendor perfects the title, such subsequently acquired title inures to the vendee by estoppel; which, being a part of the title, may be given in evidence without being specially pleaded."

And in *Baxter v. Bradberry, supra:* "(a) When a party acquires title after a conveyance with general warranty, the title thus acquired inures to the benefit of the grantee, and the grantee then has no right to elect whether or not to reject the title. (b) Damages are nominal though the warrantor had not the title when he made the conveyance, if before recovery against him he has obtained the title."

There is no error, and the judgment of the court below awarding nominal damages is affirmed.

No error.