HERMAN NEWBERN et al. v. R. L. HINTON.

(Filed 16 September, 1925.)

**1. Appeal and Error—Burden of Proof—Evidence.**

The appellant must show error in the Supreme Court on appeal, and where he has excepted to the exclusion of evidence, the record must show the relevance and materiality of the evidence excepted to, and its bearing upon the issues.

**2. Same—Conclusions of Law—Harmless Error.**

The admission of testimony of a witness excepted to upon the ground that it contained a conclusion of law becomes immaterial when the law has been correctly stated by him.

**3. Same—Instructions—Verdict.**

Exceptions to the refusal of the trial judge to give appellant's prayers for special· instruction cannot be sustained when the jury has found for appellant upon the evidence therein involved.

**4. Deeds and Conveyances—Covenants—Warranty—Damages.**

In an action to recover damages for a breach of warranty in a deed to lands upon the ground that defendant's grantee, the plaintiff, had received complete reimbursement in the sale of the lands to another to the extent of the purchase price: *Held,* the covenant of seizin does not run with the land, and is broken when the deed is delivered if the grantor does not own the land at the time of his covenant, and the right of action accrues only to his grantee.

**5. Same—Equity.**

In an action for damages for breach of warranty of seizin of lands: *Held,* no equity arises for defendant when it appears that the grantee, plaintiff, has since sold the land to another, and the difference in the purchase price paid to defendant and the purchase price received is more than the amount in suit.

**6. Deeds and Conveyances—Warranty—Breach—Choses in Action.**

Where a covenant of seizin in a deed to land is broken, it becomes a chose in action, and is not assignable.

**7. Deeds and Conveyances — Covenants — Warranties—Heirs at Law— Purchaser—Fraud—Notice.**

Where a defendant in an action for damages for breach of covenant in a deed to lands is one of the heirs at law of the deceased owner, and has obtained the title of the others by deed from them with knowledge of a probable caveat, he cannot maintain that he is a purchaser for value without notice of the defect in the title he has undertaken to convey.

**8. Deeds and Conveyances—Covenants—Warranty—Breach—Measure of Damages.** .

In an action to recover damages for breach of covenant of warranty of title to lands upon allegation of part failure of title, or for the pro-

portion of the original purchase price represented by the failure of title, the rule of damages recoverable is that proportionate part of the purchase price affected by the failure of complete title, with interest thereon, when the outstanding interest has not been bought in by the plaintiff.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1925, of PASQUOTANK.

This is a civil action by plaintiffs, purchasers, against the defendant, seller, on an alleged breach of a covenant of seizin, and from a judgment for plaintiffs, defendant appealed.

On 24 June, 1920, plaintiffs purchased the Cartwright land, containing some forty acres, from defendant for $40,000. The deed contained a covenant by defendant, "that he was seized of said premises in fee and had full right to convey the same in fee simple."

The plaintiffs alleged that defendant had, and conveyed only, title to a six-sevenths undivided interest in said lands, and that the children of John C. Hinton, defendant's deceased brother, owned an outstanding one-seventh interest. The defendant alleged that he owned the entire interest and that there was no breach of the covenant sued on.

The defendant also alleged, and offered to prove, that the plaintiffs conveyed the lands in controversy, with usual warranty, 6 February, 1923, and, therefore, they could not now maintain this action, which was instituted 24 January, 1923.

The evidence showed that this land was purchased by John L. Hinton from Mary E. Cartwright, administratrix of Samuel Cartwright, in 1889, and that John L. Hinton died in 1909, leaving surviving him the following children: C. L. Hinton, W. E. Hinton, E. V. Hinton, R. L. Hinton, Ida Sawyer, and Mary F. Hinton, and three children of a deceased son, John C. Hinton, as follows: Sophia Morgan, Flossie Nosay, and Ada Whitehurst.

Plaintiff introduced a deed from Mary F. Hinton, C. L. Hinton, E. V. Hinton, W. E. Hinton, and Ida Sawyer and husband, L. R. Sawyer, to R. L. Hinton, dated 1 February, 1912, and registered 29 January, 1913, conveying grantors' "rights, titles, and interests" in the lands in controversy for $12,500. This deed has, immediately after the description, the following statement: "The interests hereby conveyed is five-sixths of the said tract of land, and R. L. Hinton, having heired a one-sixth interest in said land, is now owner of the entire tract." The evidence is plenary that the defendant paid the purchase price recited in this deed.

It further appeared that John L. Hinton left a will, which was duly probated in common form in the Superior Court of Pasquotank County, 29 January, 1910. On 30 September, 1918, a caveat was filed to this will of John L. Hinton. The citations were issued 9 October, 1918.

NEWBERN *v.* HINTON.

The grounds of attack in the caveat were undue influence and want of sufficient mental capacity. The issues arising upon the caveat were tried at July Term, 1920, Pasquotank Superior Court, resulting in a verdict on both grounds for the caveators. On appeal to the Supreme Court, the judgment was affirmed. *In re Hinton,* 180 N. C., 206, Fall Term, 1920. This record, including the opinion of the Supreme Court, appears to have been introduced in evidence at the trial below. The verdict was as follows:

"1. Was defendant seized of and owner in fee of the entire tract of land described in the complaint at the time he executed deed to the plaintiffs? A. No.

"2. If not, of what part was he seized and the owner of? A. Six-sevenths.

"3. What damages, if any, are plaintiffs entitled to recover of defendant? A. One-seventh of $40,000, with interest from 24 June, 1920."

These issues were submitted by the court without objection.

The court, after giving the contentions of the parties as to the purchase price, charged that the measure of damages was the purchase price and interest, and that, upon a failure of one-seventh interest, it would be one-seventh of the purchase price with interest from 24 June, 1920.

The defendant excepted to the following portion of his Honor's charge: "I instruct you that if you find by the greater weight of the evidence the facts to be as testified to by the witnesses, you will answer the first issue 'No,' and the second issue, 'Six-sevenths.'"

Defendant's exceptions to the exclusion of evidence do not show what the defendant expected to prove, except the deeds from the plaintiffs to I. M. Meekins, each for a one-half undivided interest, and a deed of trust to one Gather, trustee, executed prior to the sale to Meekins, for $20,000, which was assumed by Meekins in the purchase.

It appeared that the plaintiffs received from the sale to Meekins $30,000 for the Cartwright land.

The defendant asked the court to instruct the jury as follows:

"1. That if the jury believes the evidence, the deed from E. V. Hinton and others to R. L. Hinton, dated 1 February, 1912, recorded in Book 37, p. 259, was valid to convey five-sixths undivided interest to R. L. Hinton, and that the said R. L. Hinton was a purchaser for value in good faith for the five-sixths interest.

"2. The jury is instructed that the failure or breach of the covenant of seizin was only one-seventh of one-sixth, to wit, the interest of R. L. Hinton, one-sixth; and that as John L. Hinton had seven children, the interest of one child, to wit, one-seventh, was not conveyed, so that there was outstanding unsold only one-seventh of one-sixth interest in

the Cartwright property sold to the plaintiffs, and the answer at most to the third issue would be one-forty-second of $40,000.

"3. If the jury believe the evidence the plaintiffs have sold their entire title and estate to the property described in the deed of R. L. Hinton to them since this action was begun, and have suffered no damage, and the jury will answer nothing to third issue.

"4. If the jury believe the evidence the defendant in any computation of the purchase price must consider only $40,000 paid to Morris was paid to him for his bargain with the defendant Hinton, and not as a part of the purchase price at which the defendant Hinton agreed to sell the land."

The court refused these requests and, from the judgment rendered upon the verdict, the defendant appealed.

*Aydlett & Simpson for plaintiffs.*
*W. I. Halstead and Manning & Manning for defendant.*

VARSER, J.  We are precluded from passing upon the merits of defendant's objections to the evidence, since the record does not disclose what the witnesses would have said if the questions had been allowed.  The burden is on the appellant to show error, and, therefore, the record *must show* the competency and materiality of the proposed evidence.  This Court will not do the vain thing to send a case back for a new trial when it does not appear what the excluded evidence is, or even that the witnesses would respond to the questions in any way material to the issues.  This is the established practice in this Court, in both civil and criminal cases.  *Whitesides v. Twitty,* 30 N. C., 431; *Bland v. O'Hagan,* 64 N. C., 471; *Street v. Bryan,* 65 N. C., 619; *S. v. Purdie,* 67 N. C., 326; *Knight v. Killebrew,* 86 N. C., 402; *Sumner v. Candler,* 92 N. C., 634; *S. v. McNair,* 93 N. C., 628; *S. v. Rhyne,* 109 N. C., 794; *Baker v. R. R.,* 144 N. C., 40; *Boney v. R. R.,* 155 N. C., 95; *Stout v. Turnpike Co.,* 157 N. C., 366; *Dickerson v. Dail,* 159 N. C., 541; *Fullwood v. Fullwood,* 161 N. C., 601; *In re Smith's Will,* 163 N. C., 466; *Wallace v. Barlow,* 165 N. C., 676; *Lumber Co. v. Childerhose,* 167 N. C., 40; *Brinkley v. R. R.,* 168 N. C., 428; *Morton v. Water Co.,* 168 N. C., 582, 587; *Wilson v. Scarboro,* 169 N. C., 654; *Schas v. Assurance Society,* 170 N. C., 421; *In re Edens,* 182 N. C., 398; *Snyder v. Asheboro,* 182 N. C., 708; *S. v. Jestes,* 185 N. C., 735; *Hosiery Co. v. Express Co.,* 186 N. C., 556; *S. v. Ashburn,* 187 N. C., 717, 722; *Barbee v. Davis,* *ibid.,* 79, 85; *Smith v. Myers,* 188 N. C., 551; *S. v. Collins,* 189 N. C., 15.

While the court refused to give the defendant's fourth prayer for instructions, the action of the court has not prejudiced the defendant, because the jury has accepted this view and has found the purchase

price to be $40,000. If any error was committed in this regard, it is clearly harmless.

The deeds of plaintiffs to Meekins were not competent evidence at the instance of the defendant, since they and the other evidence did not show any basis for a contention that the plaintiffs received complete reimbursement to the extent of the purchase price paid Hinton when they sold to Meekins. The covenant of seizin does not run with the land, and is broken when the deed is delivered, if the grantor does not own the lands according to his covenant, the right of action accrues at once to him, and to him alone. *Eames v. Armstrong,* 142 N. C., 506, 515; *Markland v. Crump,* 18 N. C., 94; *Wilder v. Ireland,* 53 N. C., 85, 90; *Britton v. Ruffin,* 123 N. C., 67; Jones on Covenants, sec. 851; *Pridgen v. Long,* 177 N. C., 189; *Wilson v. Vreeland,* 176 N. C., 504; *Webb v. Wheeler,* 17 L. R. A. (N. S.), 1178, 1183, and citations noted; *Cover v. McAden,* 183 N. C., 642; *Meyer v. Thompson,* 183 N. C., 545; *Lockhart v. Parker,* 189 N. C., 138; Rawle on Covenant for Title, ch. 10, sec. 202; Mordecai's Law Lectures, 901.

The difference in the purchase price paid to the defendant and the purchase price received from Meekins is more than the amount sued for; hence, there can arise no equity for defendant from this sale.

The covenant of seizin is, when broken, a chose in action, not assignable at common law, and this rule still obtains. Mordecai's Law Lectures, 859, 860; *Eames v. Armstrong, supra; Lockhart v. Parker, supra; Grist v. Hodges,* 14 N. C., 198, 202; *Shankle v. Ingram,* 133 N. C., 254.

The defendant's contention that he is a purchaser for value and without notice from his brothers and sisters, under the deed in 1912, cannot be sustained. It appears from the record, which includes the opinion in *In re Hinton,* 180 N. C., 206, that the defendant, R. L. Hinton, cannot assume now the position of a purchaser for value, *without notice* of the rights of the children of John C. Hinton, deceased, to attack the will of their grandfather with success. This prevents us from considering whether the doctrine announced in *Newbern v. Leigh,* 184 N. C., 166, applies, in any event, to a devisee in a will that is subsequently set aside upon a caveat, when such a devisee is an heir at law of the maker of the contested will.

The rule of damages in a breach of a covenant of seizin is the purchase price, with interest. This still remains the rule, when the breach is a partial failure of the title. *Wilson v. Forbes,* 13 N. C., 40; *Eames v. Armstrong, supra;* 7 R. C. L., 1175, sec. 93; Mordecai's Law Lectures, 899; *Price v. Deal,* 90 N. C., 291; *Crowell v. Jones,* 167 N. C., 286.

The plaintiffs have only sued for the proportion of the original purchase price represented by the failure of title. *Hartford Ore Co. v.*

*Miller,* 41 Conn., 112; *Guthrie v. Prigslie,* 12 N. Y., 126; Rawle on Covenants, secs. 186, 187; 7 R. C. L., 1170, sec. 87; 24 A. L. R., 267; *Campbell v. Shaw,* 170 N. C., 186; *Lemly v. Ellis,* 146 N. C., 221.

If the plaintiffs had bought the outstanding interest, then the measure of damages would be the amount expended therefor, with interest, not exceeding, in any event, the pro rata of the original purchase price. *Lemly v. Ellis, supra; Campbell v. Shaw, supra.*

We are of the opinion that the trial court was correct in the instructions given to the jury, and, therefore, there is

No error.