STATE v. CHARLIE P. ROWLAND.

(Filed 10 January, 1934.)

1. **Husband and Wife G d—**

  Where defendant admits that he abandoned his wife, and the evidence is conflicting as to whether such abandonment was wilful, the case is properly submitted to the jury in a prosecution for wilful abandonment.

2. **Criminal Law L e—**

  Where it does not appear of record what the testimony of witnesses would have been if they had been allowed to testify, exceptions to the exclusion of their testimony will not be considered.

3. **Criminal Law G q—In prosecution for abandonment testimony of husband that wife had admitted pregnancy at time of marriage is incompetent.**

  In a prosecution for wilful abandonment, testimony of the husband as to admissions or declarations of the wife made to him that she was pregnant at the time of their marriage, offered on the issue as to whether the abandonment was wilful, is incompetent, and in this case the husband obtained the benefit of this contention by other testimony admitted without objection.

APPEAL by defendant from *Warlick, J.,* at May Term, 1933, of ROWAN. No error.

STATE *v.* GOFF.

*Attorney-General Brummitt and Assistant Attorney General Seawell for the State.*
   *C. P. Barringer for defendant.*

ADAMS, J. The defendant was indicted in two counts charging him with the wilful abandonment of his wife and the wilful neglect and refusal to provide adequate support for his wife and their children while they were living together. The jury returned a general verdict finding the defendant guilty on both counts, and from the judgment pronounced he appealed to this Court.

Upon his cross-examination the defendant admitted that he had not provided a home for his wife or contributed anything to her support, and in effect that he had abandoned her, his defense being that the abandonment was not wilful. As the evidence was conflicting the case could not properly have been withdrawn from the jury.

The second, fourth, and fifth exceptions relate to the exclusion of evidence, but as the answers to the several questions are not revealed the exceptions are not meritorious. For aught that appears the answers may have been unfavorable to the appellant. *Snyder v. Asheboro,* 182 N. C., 708; *Barbee v. Davis,* 187 N. C., 78; *New Bern v. Hinton,* 190 N. C., 108.

Declarations or admissions of the wife alleged to have been made to the defendant as to her condition at the time of her marriage were incompetent; but the defendant testified that he "learned of her condition of being pregnant" at that time and that he left her for this reason. He, therefore, had the benefit of this circumstance in reference to the question whether his abandonment was wilful.

There was no error in the charge or in denying the motion to arrest the judgment or to set aside the verdict.