THE J. & E. STEVENS COMPANY v. A. O. MOONEYHAM, TRADING AS MOONEYHAM'S DRUG STORE.

(Filed 24 February, 1937.)

**1. Sales § 20—**

Where the uncontradicted evidence shows that goods described in the complaint were delivered to defendant purchaser in accordance with the contract, and that the purchase price was due in the amount claimed, a directed verdict for plaintiff seller on the issue is proper.

**2. Sales § 25—**

A directed verdict against the purchaser on his counterclaim for alleged defect in the goods sold and delivered is proper when there is no evidence in the record tending to support the counterclaim.

**3. Appeal and Error § 42—**

Where the record does not disclose what the testimony of witnesses would have been, an exception to the exclusion of the testimony cannot be sustained on appeal, since it cannot be determined whether its exclusion was prejudicial, the burden being on appellant to show prejudicial error.

APPEAL by defendant from *Phillips, J.,* at September Term, 1936, of BUNCOMBE. No error.

This is an action to recover the amount of the purchase price of goods, wares, and merchandise sold and delivered by the plaintiff to the defendant.

In his answer the defendant admits the sale and delivery to him by the plaintiff of goods, wares, and merchandise, as alleged in the complaint. He alleges that said goods, wares, and merchandise were defective at the time of their delivery to him, and prays judgment that he recover of the plaintiff, by way of counterclaim, the sum of $200.00.

The issues submitted to the jury were answered as follows:

"1. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: 'Yes, $278.98, with interest from 10 January, 1936.'

"2. Is the plaintiff indebted to the defendant, as alleged in the answer and counterclaim? Answer: 'No.'"

From judgment that plaintiff recover of the defendant the sum of $278.98, with interest from 10 January, 1936, and the costs of the action, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Chas. G. Lee, Jr., and Ford, Coxe & Carter for plaintiff.*
*Oscar J. Mooneyham for defendant.*

PER CURIAM. The uncontradicted evidence at the trial of this action showed that the goods, wares, and merchandise described in the complaint were delivered to the defendant at his place of business in the city of Asheville, N. C., on or about 15 September, 1935, and that the purchase price of said goods, wares, and merchandise was $278.98. This amount was due on 10 January, 1936. No payment has been made by the defendant on this amount. The court instructed the jury that if they should find the facts to be as the evidence tended to show, they would answer the first issue "Yes; $278.98, with interest from 10 January, 1936." There was no error in this instruction.

The evidence for the defendant tended to show that when the goods, wares, and merchandise which he had purchased from the plaintiff were delivered to him, they were in packages, and that these packages were not opened by the defendant until some time in December, 1935. Plaintiff's objctions to questions addressed to witnesses for the defendant with respect to the condition of the goods, wares, and merchandise, when the packages were opened, were sustained by the court. It does not appear in the record what the answers of the witnesses would have been had the objections of the plaintiff not been sustained. In *Newbern v. Hinton,* 190 N. C., 108, 129 S. E., 181, it is said: "We are precluded from passing upon the merits of defendant's objections to the evidence, since the record does not disclose what the witnesses would have said if the question had been allowed. The burden is on the appellant to show error, and therefore the record must show the competency and materiality of the proposed evidence. This Court will not do the vain thing to send a case back for a new trial when it does not appear what the excluded evidence is, or even that the witnesses would respond to the question in any way material to the issues. This is the established practice in this Court, in both civil and criminal cases."

In the absence of any evidence tending to support the counterclaim of the defendant, there was no error in the instruction of the court with respect to the second issue.

The judgment is affirmed.

No error.